STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
MELISSA S. RABBANI (Cal. Bar No. 283993)
Assistant United States Attorney
    U.S. ATTORNEY'S OFFICE
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone:   (714) 338-3500
    Facsimile:   (714) 338-3561
    E-mail:     melissa.rabbani@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

11/18/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DTA _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>         v.<br><br>JUSTIN YOSHIO IBARRA,<br><br>      Defendant. | No. 8:22-cr-00165-DOC<br><br>PLEA AGREEMENT FOR DEFENDANT<br>JUSTIN YOSHIO IBARRA |

    1.   This constitutes the plea agreement between defendant Justin Yoshio Ibarra ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the investigation of defendant's possession of child pornography on June 9, 2021, at his home in La Habra, California.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

1

<u>DEFENDANT'S OBLIGATIONS</u>

2     2.   Defendant agrees to:

3     a.   Give up the right to indictment by a grand jury and,
4 at the earliest opportunity requested by the USAO and provided by the
5 Court, appear and plead guilty to a single-count information in the
6 form attached to this agreement as Exhibit A or a substantially
7 similar form, which charges defendant with possession of child
8 pornography in violation of Title 18, United States Code, Sections
9 2252A(a)(5)(B) and (b)(2).

10     b.   Not contest facts agreed to in this agreement.

11     c.   Abide by all agreements regarding sentencing contained
12 in this agreement.

13     d.   Appear for all court appearances, surrender as ordered
14 for service of sentence, obey all conditions of any bond, and obey
15 any other ongoing court order in this matter.

16     e.   Not commit any crime; however, offenses that would be
17 excluded for sentencing purposes under United States Sentencing
18 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
19 within the scope of this agreement.

20     f.   Be truthful at all times with the United States
21 Probation and Pretrial Services Office and the Court.

22     g.   Pay the applicable special assessment at or before the
23 time of sentencing unless defendant has demonstrated a lack of
24 ability to pay such assessments.

25     h.   Agree to and not oppose the imposition of the
26 following conditions of probation or supervised release:

27        i.   Defendant shall register as a sex offender, and
28 keep the registration current, in each jurisdiction where defendant

resides, where defendant is an employee, and where defendant is a student, to the extent the registration procedures have been established in each jurisdiction.  When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of defendant's placement on probation/release from imprisonment.

ii.  Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer. Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing, but the defendant retains the right to invoke the Fifth Amendment.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.

iii. As directed by the Probation Officer, and subject to defendant's ability to pay as determined by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  Defendant shall provide payment and proof of payment as directed by the Probation Officer.

iv.  Defendant shall not view or possess any materials, including pictures, photographs, books, writings,

drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. § 2256(2).  The defendant shall not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "actual sexually explicit conduct" involving adults as defined by 18 U.S.C. § 2257(h)(1).  This condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's Court-mandated sex offender treatment, when defendant's treatment provider or the probation officer has approved of defendant's possession of the materials in advance.

v.   Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notifies said parent or legal guardian of defendant's conviction in the instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must interact in order to obtain ordinary and usual commercial services.

vi.   Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

vii. Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or

organization that causes defendant to regularly contact persons under the age of 18.

viii. Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

ix.  Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

x.  Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change.

xi.  Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

xii. Defendant shall submit defendant's person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning

a violation of a condition of probation/supervised release or unlawful conduct by defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

xiii.    Defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers ("ISPs") that have been disclosed to the Probation Officer upon commencement of supervision.  Any changes or additions are to be disclosed to the Probation Officer prior to defendant's first use.  Computers and computer-related devices include personal computers, personal data assistants ("PDAs"), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers.

xiv. All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search and seizure.  This shall not apply to items used at the employment's site that are maintained and monitored by the employer.

xv.  Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  Subject to defendant's ability to pay as determined by the Probation Officer, defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

6

1          b.   Abide by all agreements regarding sentencing contained

2   in this agreement.

3          c.   At the time of sentencing, provided that defendant

4   demonstrates an acceptance of responsibility for the offense up to

5   and including the time of sentencing, recommend a two-level reduction

6   in the applicable Sentencing Guidelines offense level, pursuant to

7   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

8   additional one-level reduction if available under that section.

9          d.   Recommend that defendant be sentenced to a term of

10   imprisonment no higher than 60 months.

11                    <u>NATURE OF THE OFFENSE</u>

12       4.   Defendant understands that for defendant to be guilty of

13   the crime charged in the indictment, that is, possession of child

14   pornography, in violation of Title 18, United States Code, Sections

15   2252A(a)(5)(B) and (b)(2), the following must be true: (i) defendant

16   knowingly possessed matters that defendant knew contained visual

17   depictions of a minor engaged in sexually explicit conduct; (ii)

18   defendant knew the visual depiction contained in the matters showed a

19   minor engaged in sexually explicit conduct; (iii) defendant knew that

20   production of such a visual depiction involved use of a minor in

21   sexually explicit conduct; and (iv) each visual depiction had been

22   (a) mailed, shipped, or transported using any means or facility of

23   interstate commerce or in or affecting interstate commerce, or (b)

24   produced using any means or facility of interstate or foreign

25   commerce or shipped or transported in or affecting interstate or

26   foreign commerce by any means, including by computer.

27       5.   Defendant understands that for defendant to be subject to

28   the statutory maximum sentence set forth below, the government must

prove beyond a reasonable doubt that at least one visual depiction possessed by defendant involved a prepubescent minor, or a minor who had not attained 12 years of age, engaged in sexually explicit conduct.  Defendant admits that defendant, in fact, possessed images and videos that depicted prepubescent minors, or minors who had not attained 12 years of age, engaged in sexually explicit conduct.

<u>PENALTIES AND RESTITUTION</u>

6.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2), is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.  Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2) is: a five-year period of supervised release and a mandatory special assessment of $100.

8.  Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

9.  Defendant understands that, pursuant to 18 U.S.C. § 2259A, the Court may impose an additional special assessment of up to $17,000.

10.  Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which

defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty. Defendant understands that, under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court shall impose a restitution amount of not less than $3,000 per victim.

11.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

12.  Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law

enforcement agencies upon his release from confinement following conviction.

13.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.   Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.   Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

14.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.   Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.   Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration

1  status.  Defendant nevertheless affirms that he wants to plead guilty

2  regardless of any immigration consequences that his plea may entail,

3  even if the consequence is automatic removal from the United States.

4  FACTUAL BASIS

5      15.  Defendant admits that defendant is, in fact, guilty of the

6  offense to which defendant is agreeing to plead guilty.  Defendant

7  and the USAO agree to the statement of facts provided below and agree

8  that this statement of facts is sufficient to support a plea of

9  guilty to the charge described in this agreement and to establish the

10  Sentencing Guidelines factors set forth in paragraph 17 below but is

11  not meant to be a complete recitation of all facts relevant to the

12  underlying criminal conduct or all facts known to either party that

13  relate to that conduct.

14      On June 9, 2021, Fullerton Police Department officers searched

15  defendant's home in La Habra, California, within the Central District

16  of California.  Officers seized numerous devices from defendant's

17  home, including an Apple Mac Pro computer, model number A1289,

18  bearing serial number YM0340BJEUH.  The computer belonged to

19  defendant, and defendant was the sole user of the computer.  A

20  forensic review of the Apple Mac Pro computer identified

21  approximately 1,300 videos of child pornography, including three

22  videos titled "(Pthc) New 2016 Pedo Childlover 8Yo Daddy's Little

23  Girl Jm Compilation Titless Latina.mp4," "Valya – 28.avi," and "pthc

24  – snuff – 12Yo Child Rape and Crying.mpg."  At least two of the

25  videos depicted a prepubescent minor and minor who had not attained

26  12 years of age engaging in sexual conduct.  At least one video

27  portrayed sadistic or masochistic sexual conduct, particularly

28  bondage, involving a minor child.

Defendant admits and agrees that he knew the images and videos that he possessed contained visual depictions of minors engaging in sexually explicit conduct, that he knew each visual depiction contained in the images and videos showed minors engaged in sexually explicit conduct, and that he knew that production of such visual depictions involved use of minors engaged in sexually explicit conduct. Defendant admits and agrees that he knew at least two of the videos that he possessed depicted a prepubescent minor and minor who had not attained 12 years of age engaging in sexual conduct and that at least one video that he possessed portrayed sadistic or masochistic sexual conduct, particularly bondage, involving a minor child.

Defendant admits and agrees that the children depicted in the child pornography images and videos are real children, and defendant downloaded the images and videos from the Internet, which is a means and facility of interstate and foreign commerce, using a computer.

<u>SENTENCING FACTORS</u>

16. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate up to the maximum set by statute for the crime of
conviction.

17. Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 18 | [U.S.S.G. § 2G2.2(a)(1)] |
| Prepubescent Minor: | +2 | [U.S.S.G. § 2G2.2(b)(2)] |
| Sadistic or Masochistic Conduct: | +4 | [U.S.S.G. § 2G2.2(b)(4)] |
| Use of Computer: | +2 | [U.S.S.G. § 2G2.2(b)(6)] |
| 600+ Images: | +5 | [U.S.S.G. § 2G2.2(b)(7)] |

Defendant and the USAO reserve the right to argue that additional
specific offense characteristics, adjustments, and departures under
the Sentencing Guidelines are appropriate.  Defendant understands
that there is no agreement as to defendant's criminal history or
criminal history category.

18. Defendant and the USAO reserve the right to argue for a
sentence outside the sentencing range established by the Sentencing
Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
(a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19. Defendant understands that by pleading guilty, defendant
gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel – and if
necessary have the Court appoint counsel -- at trial.  Defendant
understands, however, that, defendant retains the right to be

represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF RETURN OF DIGITAL DATA</u>

20.  Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

<u>WAIVER OF APPEAL OF CONVICTION</u>

21.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to

14

appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

22.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 87 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

23.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 36

15

1  months, the USAO gives up its right to appeal any portion of the
2  sentence.

3  <u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

4      24.   Defendant agrees that if, after entering a guilty plea
5  pursuant to this agreement, defendant seeks to withdraw and succeeds
6  in withdrawing defendant's guilty plea on any basis other than a
7  claim and finding that entry into this plea agreement was
8  involuntary, then the USAO will be relieved of all of its obligations
9  under this agreement.

10  <u>EFFECTIVE DATE OF AGREEMENT</u>

11      25.   This agreement is effective upon signature and execution of
12  all required certifications by defendant, defendant's counsel, and an
13  Assistant United States Attorney.

14  <u>BREACH OF AGREEMENT</u>

15      26.   Defendant agrees that if defendant, at any time after the
16  signature of this agreement and execution of all required
17  certifications by defendant, defendant's counsel, and an Assistant
18  United States Attorney, knowingly violates or fails to perform any of
19  defendant's obligations under this agreement ("a breach"), the USAO
20  may declare this agreement breached.  All of defendant's obligations
21  are material, a single breach of this agreement is sufficient for the
22  USAO to declare a breach, and defendant shall not be deemed to have
23  cured a breach without the express agreement of the USAO in writing.
24  If the USAO declares this agreement breached, and the Court finds
25  such a breach to have occurred, then: (a) if defendant has previously
26  entered a guilty plea pursuant to this agreement, defendant will not
27  be able to withdraw the guilty plea, and (b) the USAO will be
28  relieved of all its obligations under this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

27.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 17 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to

fulfill all defendant's obligations under this agreement.  Defendant understands that no one – not the prosecutor, defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

30.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

STEPHANIE S. CHRISTENSEN
Acting United States Attorney


_____        10/4/2022
MELISSA S. RABBANI                        Date
Assistant United States Attorney


_____        _____
JUSTIN YOSHIO IBARRA                      Date
Defendant

/s/ Hagop Kuyumjian                       8/31/2022
_____        _____
HAGOP KUYUMJIAN                           Date
Attorney for Defendant

1  fulfill all defendant's obligations under this agreement.  Defendant

2  understands that no one – not the prosecutor, defendant's attorney,

3  or the Court – can make a binding prediction or promise regarding the

4  sentence defendant will receive, except that it will be within the

5  statutory maximum.

6                         NO ADDITIONAL AGREEMENTS

7       30.  Defendant understands that, except as set forth herein,

8  there are no promises, understandings, or agreements between the USAO

9  and defendant or defendant's attorney, and that no additional

10  promise, understanding, or agreement may be entered into unless in a

11  writing signed by all parties or on the record in court.

12           PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

13       31.  The parties agree that this agreement will be considered

14  part of the record of defendant's guilty plea hearing as if the

15  entire agreement had been read into the record of the proceeding.

16  AGREED AND ACCEPTED

17  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
18  CALIFORNIA

19  STEPHANIE S. CHRISTENSEN
    Acting United States Attorney

20

21

22  MELISSA S. RABBANI                       Date
    Assistant United States Attorney

23

    JUSTIN YOSHIO IBARRA                     Date
24  Defendant

25

    HAGOP KUYUMJIAN                          Date
26  Attorney for Defendant

27

28

                              18

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

JUSTIN YOSHIO IBARRA
Defendant

8/29/2022
Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Justin Yoshio Ibarra's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors

19

set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

| /s/ Hagop Kuyumjian | 8/31/2022 |
|---|---|
| HAGOP KUYUMJIAN<br>Attorney for Defendant | Date |

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>JUSTIN YOSHIO IBARRA,<br><br>          Defendant. | No.<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. §§ 2252A(a)(5)(B),<br>(b)(2): Possession of Child<br>Pornography] |

The United States Attorney charges:

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about June 9, 2021, in Orange County, within the Central District of California, defendant JUSTIN YOSHIO IBARRA knowingly possessed an Apple Mac Pro desktop computer, model number A1289, with serial number YM0340BJEUH, that contained at least three videos of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), at least two of which videos involved prepubescent minors and minors who had not attained 12 years of age, that had been transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the videos

were child pornography.

     The child pornography that defendant IBARRA knowingly possessed consisted of the following:

1.   A video titled "(Pthc) New 2016 Pedo Childlover 8Yo Daddy's Little Girl Jm Compilation Titless Latina.mp4";

2.   A video titled "Valya – 28.avi"; and

3.   A video titled "pthc – snuff – 12Yo Child Rape and Crying.mpg."

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

GREGORY S. SCALLY
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

MELISSA S. RABBANI
Assistant United States Attorney
Santa Ana Branch Office

2

Exhibit A
Page 2 of 2